¶0 ORDER APPROVING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS
 

 ¶1 Complainant, Oklahoma Bar Association (Bar Association), has applied pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2011 Ch. 1, App. 1-A) for an order approving the resignation of the respondent, John Eldon Dalton, pending disciplinary proceedings. The Bar's application and the respondent's affidavit of resignation reveal the following.
 

 ¶2 On September 20, 2018, the respondent both executed and filed with this Court his affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.
 

 ¶3 The respondent's affidavit of resignation reflects that: (a) it was freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he was fully aware of the consequences of submitting the resignation.
 

 ¶4 The affidavit of resignation states respondent's awareness of an investigation by the Bar Association, regarding the following criminal convictions which suffice as a basis for discipline:
 

 (a)
 

 State of Oklahoma v. John Eldon Dalton,
 
 Oklahoma County, Case No. CF 2016-2943:
 
 On April 19, 2016, Dalton was charged with (Count 1) Driving Under the Influence and (Count 2) Driving Under Revocation. On July 13, 2018, after Dalton pled guilty to these charges, he was sentenced to twenty years as to Count 1 and one year as to Count 2, suspended, all counts to run concurrent with each other and concurrent with his sentence in Oklahoma County, Case No. CF-2013-572 and to attend weekend community service and to pay fines.
 

 (b)
 

 State of Oklahoma v. John Eldon Dalton,
 
 Oklahoma County, Case No. CF-2013-572
 
 : On January 24, 2013, Dalton was charged with (Count 1) Driving While Under the Influence and (Count 2) Speeding. On June 13, 2013, after Dalton pled guilty to these charges, he was sentenced to a ten-year suspended sentence as to Count 1 and a fine only as to Count 2.
 

 (c)
 

 State of Oklahoma v. John Eldon Dalton,
 
 Oklahoma County, Case No. CF-2009-1638
 
 : On March 12, 2009, Dalton was charged with (Count 1) Driving Under the Influence and (Count 2) Driving While Privilege Revoked. Dalton entered a plea of guilty with a delayed sentencing agreement and performance contract for Drug /DUI Court on May 20, 2009. On December 30, 2010, this case was dismissed against Dalton for his successful completion of Drug/DUI Court.
 

 (d)
 

 State of Oklahoma v. John Eldon Dalton,
 
 Oklahoma County Case No. CF-2006-6224
 
 : On September 25, 2006, Dalton was charged with (Count 1) Driving Under the Influence and (Count 2) Driving While Privilege Revoked. On May 16, 2007, after Dalton pled guilty to these charges, he was sentenced to six years suspended as to Count 1 and Count 2 was dismissed.
 

 (e)
 

 State of Oklahoma v. John Eldon Dalton
 
 , Oklahoma County, Case No. CF-2003-6442
 
 : On November 24, 2003, Dalton was charged with Driving Under the Influence. On February 9, 2004, after he pled guilty to this charge, he was sentenced to five years, suspended, along with fines, community service, random urinalyses and other programs. As a result of this conviction, Dalton was issued a Private Reprimand by the Professional Responsibility Commission on March 26, 2004 (
 
 State of Oklahoma ex rel. Oklahoma Bar Association v. John Eldon Dalton,
 
 OBAD No. 1606).
 

 ¶5 The resignation states the respondent is aware the allegations against him, if proven, would constitute violations of
 Rules 1.3 of the Rules Governing Disciplinary Proceedings (RGDP)
 
 5 O.S. 2011
 
 , CH. 1, APP. 1-a and Rules 8.4 (a) and (b) of the Oklahoma Rules of Professional Conduct (ORPC),
 
 5 O.S. 2011
 
 , ch. 1, app. 3-A, and his oath as an attorney.
 

 ¶6 The respondent states he is aware the burden of proof regarding the allegations against him rests upon the Oklahoma Bar Association, and he waives any and all rights to contest the allegations.
 

 ¶7 The respondent states his awareness of the requirements of Rule 9.1 of the Rules Governing Disciplinary Proceedings, and he states he shall comply with that Rule within twenty (20) days following the date of his resignation.
 

 ¶8 The respondent states his intent that his resignation be effective from the date and time of its execution and that he will conduct his affairs accordingly. The Bar Association requests the Court make the resignation effective on the date of its execution by respondent. We note the resignation was executed by respondent, submitted to the Bar Association, and filed in this Court on the same day.
 
 See
 

 State ex rel. Oklahoma Bar Ass'n v. Demopolos
 
 ,
 
 2015 OK 50
 
 , ¶ 36 & n.56,
 
 352 P.3d 1210
 
 , 1221 n.56 (a proper resignation may be made effective on the date of submission to the Court);
 
 State ex rel. Oklahoma Bar Ass'n v. Bourland
 
 ,
 
 2001 OK 12
 
 , ¶¶ 14-17,
 
 19 P.3d 289
 
 , 291 (a proper resignation may be made effective on the date filed with the Court when the lawyer's conduct has treated the resignation as effective upon that date).
 

 ¶9 The respondent states his awareness that a Rule 8.2 resignation pending disciplinary proceedings may be either approved or disapproved by the Oklahoma Supreme Court.
 

 ¶10 The respondent states he is aware he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings.
 
 See
 
 5 O.S.2011 Ch. 1, App. 1-A, Rule 8.2, Rules Governing Disciplinary Proceedings;
 
 State ex rel. Oklahoma Bar Ass'n. v. Bourland
 
 ,
 
 2001 OK 12
 
 ,
 
 19 P.3d 289
 
 ;
 
 In re Reinstatement of Hird
 
 ,
 
 2001 OK 28
 
 ,
 
 21 P.3d 1043
 
 .
 

 ¶11 The respondent states he is aware the Client's Security Fund may receive claims from his former clients, and he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client's Security Fund for claims against him.
 
 See
 
 5 O.S.2011 Ch. 1, App. 1-A, Rule 11.1(b), Rules Governing Disciplinary Proceedings;
 
 State ex rel. Oklahoma Bar Ass'n. v. Heinen
 
 ,
 
 2003 OK 36
 
 , ¶ 9,
 
 84 P.3d 708
 
 , 709.
 

 ¶12 The respondent states he surrendered his Oklahoma Bar Association membership card to the Office of the General Counsel.
 

 ¶13 The respondent acknowledges he must cooperate with the Office of the General Counsel by providing current contact information and identifying active cases wherein client documents and files should be returned to the client or forwarded to new counsel, and cases where fees or refunds are owed by respondent.
 

 ¶14 Respondent acknowledges the OBA has incurred costs in the amount of $14.10 in the investigation of this matter. Respondent agrees he is responsible for reimbursement of these costs.
 

 ¶15 The official roster name and address of the respondent is John Eldon Dalton, O.B.A. No. 19261, 7836 N.W. 133rd Terrace, Oklahoma City, OK 73142.
 

 ¶16 IT IS THEREFORE ORDERED that the application by the Bar Association for an order approving John Eldon Dalton's resignation be approved, and the resignation is deemed effective on the date it was executed and filed in this Court, September 20, 2018.
 

 ¶17 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of his resignation.
 

 ¶18 IT IS FURTHER ORDERED that the respondent pay costs in the amount of $14.10 within thirty days from the date of this order. Any consideration of any future
 Rule 11 petitions is conditioned upon such payment.
 

 ¶19 IT IS FURTHER ORDERED that if any funds of the Client's Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.
 

 ¶20 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 29th DAY OF OCTOBER, 2018.
 

 CONCUR: COMBS, C.J., GURICH, V.C.J., WINCHESTER, EDMONDSON, COLBERT, REIF, WYRICK, and DARBY, JJ.
 

 CONCUR IN RESULT: KAUGER, J.